**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN B. BLUM,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 3:07-2231** |
| **v.** | : | |
| | | **(JONES, D.J.)** |
| **U.S. OFFICE OF PERSONNEL** | : | **(MANNION, M.J.)** |
| **MANAGEMENT; LINDA M.** | | |
| **SPRINGER, DIRECTOR; and** | : | |
| **INSURANCE SERVICES** | | |
| **PROGRAM,** | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

Pending before the court is the defendants' motion for remand.  (Doc. No. 7).  Based upon the court's review of the motion, it is recommended that the motion be granted.

By way of relevant background, the plaintiff initiated the instant pro se action on December 7, 2007, seeking to recover on a claim for health benefits against the United States Office of Personnel Management, ("OPM").  (Doc. No. 1).

On February 19, 2008, the defendants filed the instant motion for remand.  (Doc. No. 7).  As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendants' motion, therefore, the motion is deemed unopposed pursuant to Local Rule 7.6.  However, the plaintiff has filed a copy of a correspondence dated March 19, 2008 and seemingly sent to the United States Attorney's office (Doc. No. 8) in which he states, in

pertinent part: " **Mr. Blewitt, Jr. I will concur in your requested remand, if you agree to the attached Discovery Stipulation**."

The proposed stipulation reads as follows:

> **Plaintiff and US Attorney for the Defendant stipulate to the following discovery procedures.**
>
> 1) **Depositions may be taken before any person, at any time or place, upon notice, and in any manner and when so taken may be used like other definitions. (sic).**
>
> 2) **Production of documents request shall be fulfilled by the party responding to the request by mailing all responsive documents to requestor by certified or registered mail.**

Given the plaintiff's <u>pro</u> <u>se</u> status, the court will review the merits of the motion.

In the motion, the defendants contend that the administrative record before the Office of Personnel Management, ("OPM"), is incomplete in that, although requested, medical records from the plaintiff's treating physician were not received prior to OPM rendering a final decision denying the plaintiff's claim for health benefits.  The plaintiff has now attached these records to his complaint in the instant action.  Therefore, the defendants request remand so that an independent medical expert and OPM may consider the records and render a new final decision.

2

Pursuant to 5 C.F.R. §890.107(d)(3), an action brought against OPM to recover on a claim for health benefits is limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits. Strict adherence to the administrative record is critical to the judicial review process and courts have remanded cases where the reasoning for the agency's decision is lacking and, therefore, presents inadequate information to accommodate a thorough review. Camp v. Pitts, 411 U.S. 138, 143 (1973).

In this case, because there are additional records to be considered by an independent medical examiner and OPM the administrative record is incomplete, and remand is appropriate in order that the court has a complete record upon which to conduct proper judicial review, if necessary.

Based upon the foregoing, **IT IS RECOMMENDED THAT:**

the defendants' motion for remand, **(Doc. No. 7)**, be **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 21, 2008

O:\shared\REPORTS\2007 Reports\07-2231.01.wpd

3