IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN B. BLUME, | : | Case No. 4:07-CV-2231 |
| | : | |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| UNITED STATES OFFICE OF | : | |
| PERSONNEL MANAGEMENT, | : | |
| LINDA M. SPRINGER, and | : | |
| INSURANCE SERVICES | : | |
| PROGRAM, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**May _16_, 2008**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is a Report and Recommendation ("the Report") issued by United States Magistrate Judge Malachy E. Mannion ("Magistrate Judge Mannion" or "Magistrate Judge") on March 21, 2008. (Rec. Doc. 9). For the reasons that follow, we will adopt the learned Magistrate Judge's Report in its entirety.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**[1]

On or about December 1, 2006, Plaintiff Kevin B. Blume ("Plaintiff") entered into a contract for medical insurance with Keystone Health Plan Central, a Capital Blue Cross Company ("Keystone"). On May 2, 2007, Plaintiff was diagnosed with bilateral protruding ears and, subsequently, sought preauthorization from Keystone for coverage for a bilateral otoplasty operation to correct the deviation. This request included a letter of medical necessity from the diagnosing physician, Adam C. Abram, M.D. ("Dr. Abram"), dated May 2, 2007. (Rec. Doc. 1, Ex. 2).

On May 16, 2007, Keystone informed Plaintiff that preauthorization was denied on grounds that the surgery was primarily cosmetic in nature and that the procedure would not significantly improve physiologic function. (Rec. Doc. 1, Ex. 3). Plaintiff appealed on May 27, 2007, claiming that the operation was a reconstructive surgery and, as such, was covered under the statement of benefits (Rec. Doc. 1, Ex. 4). On June 26, 2007, Keystone gave notice to Plaintiff that the Reconsideration Committee was denying coverage for the bilateral otoplasty based

---

[1] Our recitation of the factual background is based upon Plaintiff's Complaint and the exhibits attached thereto. (See Rec. Doc. 1). The veracity of the majority of Plaintiff's representations is not material to our disposition of the issues before us, and, accordingly, we assume arguendo, and only for our current purposes, that Plaintiff's allegations are true.
 As a matter of course, we express no opinion on the ultimate facts underlying this action or the appropriate disposition thereof.

upon its assessment that the clinical information provided did not support a functional deficit and was, therefore, primarily cosmetic in nature. (Rec. Doc. 1, Ex. 5).

Plaintiff made an appeal to the Office of Personnel Management ("Defendant") on July 2, 2007, and maintained that the statement of benefits expressly distinguished between reconstructive surgery of congenital anomalies such as protruding ear deformities and uncovered cosmetic procedures. (Rec. Doc. 1, Ex. 6). Defendant responded on September 19, 2007, in a letter temporarily upholding the denial of coverage on the ground that the information reviewed was not sufficient to determine the medical necessity of the procedure. (Rec. Doc. 1, Ex. 7). Defendant requested additional information from Plaintiff before finalizing its decision. Final review was suspended until October 19, 2007.

On October 8, 2007, Plaintiff informed Defendant via letter that Dr. Abrams would be sending the initial consultation, history and physical, reports of diagnostic studies, and office notes requested by Defendant. (Rec. Doc. 1, Ex. 8). This letter, as well as the information sent by Dr. Abrams, were returned as undeliverable mail because they were sent to an expired forwarding address. Plaintiff's letter was resent to Defendant on October, 14, 2007, but the information from Dr. Abrams' office was never re-mailed. Defendant gave final notice of

denial of coverage on November 15, 2007. (Rec. Doc. 1, Ex. 10). Defendant based its denial on Plaintiff's failure to supply additional information supporting the medical necessity of the operation.

Following the denial, on December 7, 2007, Plaintiff filed a claim against Defendant in this Court. In the Complaint, Plaintiff included information that was obtained from Dr. Abrams, but apparently never received by Defendant.

On February 19, 2008, Defendant filed a Motion for Remand (doc. 7) pursuant to 5 U.S.C. § 706 of the Administrative Procedure Act ("APA"). Defendant seeks remand in order that the medical information that Plaintiff has included in his Complaint may be made part of the administrative record and a new final decision may made as to Plaintiff's claim. Defendant also seeks to have this case stayed pending the outcome of the administrative proceedings.

On March 21, 2008, the Magistrate Judge issued a Report and Recommendation, which concluded that the case should be remanded because the administrative record is incomplete and proper judicial review requires a complete record.

## **STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it.

4

See Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case confirms the Magistrate Judge's determinations, and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's Report.

As the Magistrate Judge explains, 5 C.F.R. § 890.107(d)(3), limits judicial review of an action against the Office of Personnel Management ("OPM") to the record that was before OPM at the time the denial of benefits was made.  When inquiry is made into whether an administrative adjudication is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, it is appropriate to remand the case when the administrative agency has given an explanation for its action, but the validity of the finding cannot be sustained on the record made. Camp v. Pitts, 411 U.S. 138, 143 (1973).  Defendant's final decision was premised upon an incomplete record; thus, the validity of the finding cannot be sustained by this Court.  According to 5 U.S.C. § 706(2)(A) of the

Administrative Procedure Act, determinations as to the arbitrariness of an agency decision are to be made based upon the whole record. Because Defendant lacked records needed to make an informed determination as to the medical necessity of the procedure, any subsequent judicial review of that determination would not be based upon the "whole" record but, rather, would be limited, per 5 C.F.R. § 890.107(d)(3), to the incomplete administrative record.

Accordingly, we will adopt the Magistrate Judge's Report as our own and remand the case to OPM for further proceedings to enable a complete and whole record of Defendant's forthcoming decision. During the pendency of the administrative proceedings, this action shall be stayed.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Mannion's Report (doc. 9) is hereby **ADOPTED** in its entirety.

2. Defendant's Motion to Remand (doc. 7) is hereby **GRANTED.**

3. This action is hereby remanded to the United States Office of Personnel Management for further administrative proceedings and the development of a full and complete record of the agency's final decision.

4. The Clerk of Court shall **STAY** this case.

5. Upon completion of the administrative proceedings, defense counsel shall immediately advise this Court of the same via the filing of a letter on the docket.

                                                            _____
                                                            John E. Jones III
                                                            United States District Judge