IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN B. BLUME, | : | No. 07-CV-2231 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| UNITED STATES DEPARTMENT OF PERSONNEL MANAGEMENT, et al., | : | |
| Defendants. | : | |

# MEMORANDUM

### May 28, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 16) which recommends that we dismiss the above-captioned action for failure to show cause why the action is not moot. No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by March 19, 2009. To this date, none have been filed.

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Kevin B. Blume ("Plaintiff" or "Blume") initiated the instant action by filing a Complaint on December 7, 2007. By Order dated February 9, 2009 (Rec. Doc. 15), Magistrate Judge Smyser ordered Blume to show cause, on or before February 25, 2009, why his action should not be dismissed as moot. Plaintiff failed to show cause as ordered. Accordingly, through a well-reasoned R&R dated March 2, 2009, Magistrate Judge Smyser recommended that we dismiss the case as moot. As we have already mentioned, neither Defendants nor the

Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN B. BLUME, | :   **CIVIL NO. 4:07-CV-2231** |
|       Plaintiff | :   (Judge Jones) |
| v. | :   (Magistrate Judge Smyser) |
| UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, LINDA M. SPRINGER, and INSURANCE SERVICES PROGRAM, | : |
|       Defendants | : |

**REPORT AND RECOMMENDATION**

On December 7, 2007, the plaintiff, proceeding *pro se*, commenced this action by filing a complaint. The plaintiff sought to recover on a claim for health benefits. The plaintiff was insured under a contract for medical insurance with Keystone Health Plan Central, a Capital Blue Cross Company (Keystone). The plaintiff was diagnosed with bilateral protruding ears and subsequently sought preauthorization from Keystone for coverage for a bilateral otoplasty operation to correct his condition. Keystone denied coverage for the operation. The plaintiff appealed to the Office of Personnel

Management (OPM) which denied coverage. The plaintiff then commenced the instant action.

By an Order dated May 16, 2008, the case was remanded to the OPM for further administrative proceedings and the development of a full and complete record of the agency's final decision. The case in this court was stayed pending completion of the administrative proceedings.

By an Order dated January 9, 2009, the case was referred to the undersigned magistrate judge for pre-trial management. By an Order dated January 12, 2009, we directed the defendants to file a detailed report addressing the status of the administrative proceedings and the need, if any, to continue the stay in this action.

On February 6, 2009, defendant OPM filed a status report and suggestion of mootness. Defendant OPM assets that on remand and after review of additional information it determined that the operation was covered under the Keystone plan. OPM sent a letter in August of 2008 to Keystone

directing Keystone to authorize the surgery. However, OPM was subsequently informed by Keystone that, as of January of 2008, the plaintiff was no longer insured under the Keystone plan because he had selected a different carrier as his insurer. Defendant OPM contends that because the plaintiff is no longer covered under the Keystone plan its previous directive to Keystone to authorize the operation can not be enforced and that the directive to Keystone is not binding on the plaintiff's current insurer. Defendant OPM contends that since the plaintiff is no longer a participant in the Keystone plan, which is the subject of the underlying dispute, and since the defendant can not mandate that the plaintiff's present insurer provide services required by the Keystone plan, there is no longer a case or controversy and the case is moot.

By an Order dated February 9, 2009, the plaintiff was ordered to show cause, on or before February 25, 2009, why this action should not be dismissed as moot. The Order of February 9, 2009 warned that plaintiff that if he fails to show cause within this time, we will recommend that the action be dismissed as moot.

3

The plaintiff has not responded to the show cause order. Thus, it appears that the plaintiff concedes that the case is moot.

Based on the foregoing, it is recommended that the case be dismissed as moot and that the case file be closed.

/s/ *J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: March 2, 2009.